IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ROBERT LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGIA COLLEGE AND STATE UNIVERSITY,<br><br>    Defendant. | Civil Action No.<br><br>2:22-CV-201-RWS-JCF<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Robert Lopez (hereinafter "Plaintiff" or "Mr. Lopez"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADAA"), 42 U.S.C. § 12101 *et seq.*

1

## ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action. Plaintiff filed his Charge of Discrimination against Georgia College and State University on October 7, 2021. The EEOC issued its Notice of Right to Sue on August 2, 2022.

3.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. § 12101 et seq., 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

5.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Northern District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## **PARTIES**

6.

Plaintiff is a male citizen of the United States of America and a resident of the State of Georgia and at all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

7.

Plaintiff, at all times revenant hereto, was an individual with a disability as the term is defined under 42 U.S.C. § 12102(1).

8.

Plaintiff is a person with a disability inasmuch as he has an impairment causing substantial limitations in one or more major life activities, he has a record of disability, and because Defendant regarded him as having an impairment.

9.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.
3

10.

Defendant may be served by delivering a copy of the summons and complaint upon the President, Cathy Cox, 300 Parks Hall, 231 W. Hancock Street, Milledgeville, GA 31061.

11.

Defendant is now and, at all times relevant hereto, has been a for-profit corporation.

**FACTUAL ALLEGATIONS**

12.

Mr. Lopez began working for Defendant on or about September 6, 2020, as a Police Sergeant at the Department of Public Safety.

13.

On or about March 22, 2021, while Mr. Lopez was on patrol, and while walking down a set of steps, his right knee buckled and twisted.

14.

Later on that evening, while at work, Mr. Lopez's knee swelled and the pain became unbearable.

15.

Plaintiff's supervisor, advised him to go to the emergency room.

16.

While the Plaintiff was at the hospital, the ER physican advised him that he needed to see an orthopedist.

17.

The Plaintiff then contacted Tonya Anderson, Human Resources Assistant for the number to AMERISYS, the Worker's Compensation Managed Care Organization.

18.

After the Plaintiff provided Defendants with the necessary information and paperwork, the Plaintiff was set up with an appointment with the orthopedist.

19.

Defendant was aware of Mr. Lopez's disability due to him being injured at work.

20.

While at his appointment, the Orthopedist performed an MRI and was advised that he needed surgery to repair a torn patella tendon in his right knee.

21.

On or about March 31, 2021, the Plaintiff submitted a Leave of Absence Application as he was not eligible for FMLA.

22.

While on leave, the Plaintiff was in constant communication with his supervisor and HR regarding his medical status.

23.

Prior to the Plaintiff's surgery, the Plaintiff's surgeon adisved the Plaintiff that he could return to work on a light duty capacity.

24.

Defendant advised the Plaintiff that there was not a position available for light duty.

25.

Plaintiff was fruther advised by Defendant that he had to come back to work on full duty or he would be terminated.

26.

The Plaintiff attempted to return to work, but this surgeon did not release the Plaintiff for full duty.

27.

On or about May 7, 2021, the Plaintiff had his surgery on his right knee.

28.

The Plaintiff's rehab was scheduled on or about June 11, 2021 to July 7, 2021.

29.

On or about June 11, 2021 the Plaintiff received a letter from HR denying his leave of absence request.

30.

Plaintiff was advised by Defendant that he had to report to work on June 18, 2021 or face termination even though his doctor did not release him to full duty.

31.

Plaintiff contacted Ms. Anderson in HR via e-mail on or about June 14, 2021, to advise her that he was only a month post surgery and confirm that she received his medical documentation from his surgeon.

32.

Plaintiff also inquired if she would grant his leave reqeust since his surgeon did not clear him to return to work until July 15, 2021.

33.

On or about June 30, 2021, Defendant terminated the Plaintiff while still under his surgeon's care.

34.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

35.

Defendant failed to engage in any interactive process with Plaintiff regarding his request for a reasonable accommodation before terminating his employment and terminated Plaintiff's employment during a time in which Plaintiff had been granted leave.

36.

Plaintiff had been completing the essential duties of his position for the previous year and could have continued to do so with a reasonable accommodation.

37.

Others outside the Plaintiff's protected class were treated differently.

## CLAIMS FOR RELIEF

## COUNT I – TITLE VII ADA DISABILITY DISCRIMINATION
### (Failure to accommodate)

38.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

39.

Plaintiff had a disabling disease where he suffered from a torn patella tendon of the right knee requiring surgery.

40.

Defendant was aware of Plaintiff's disabling disease.

41.

Defendant received notice from Plaintiff's physician regarding his condition and work restrictions.

42.

Defendant terminated Plaintiff's employment, in whole or in part, because of his disability.

43.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

44.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of his disability.

45.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

## COUNT II – PERCEIVED DISABILITY DISCRIMINATION

46.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

47.

Plaintiff had a perceived disabling disease where he suffered from a torn patella tendon of the right knee requiring surgery.

48.

Defendant was aware of Plaintiff's perceived disabling disease.

49.

Defendant received notice from Plaintiff's physician regarding his condition and work restrictions.

50.

Defendant terminated Plaintiff's employment, in whole or in part, because of his perceived disability.

51.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

52.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of his perceived disability.

53.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

## **COUNT III – RETALIATION**

54.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

55.

Plaintiff had a disabling disease where he suffered from a torn patella tendon of the right knee requiring surgery.

56.

Defendant was aware of Plaintiff's disabling disease.

57.

Defendant received notice of Plaintiff's condition and work restrictions from his physician before Plaintiff's surgery in May of 2021.

58.

Plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

59.

Plaintiff disclosed sensitive details relating to his condition and was terminated.

60.

Defendant retaliated against Plaintiff by terminating his employment on the basis of his disability.

61.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

62.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

63.

As a result of Defendant's retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

**WHEREFORE**, Plaintiff judgment as follows:

(a) A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the ADAA;

(b) General damages for mental and emotional suffering caused by Defendant's misconduct;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(e) Reasonable attorney's fees and expenses of litigation with any and all other costs associated with this action as provided by the ADAA;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law; and

(h) All other relief to which he may be entitled.

Respectfully submitted the 10th day of October, 2022.

                                    **THE LEACH FIRM, P.A.**

                                    */s/Adeash Lakraj*_____
                                     Adeash A.J. Lakraj
                                     GA Bar No. 444848
                                     631 S. Orlando Ave, Suite 300
                                     Wells Fargo Building
                                     Winter Park, FL 32789
                                     Telephone: 770.728.8478
                                     Facsimile: 833.423.5864
                                     Email: alakraj@theleachfirm.com